**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-1604

ADSERBALLE & KNUDSEN A/S,

Plaintiff – Appellee,

v.

FACILITIES DEVELOPMENT CORPORATION,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:24-cv-02062-CMH-WBP)

Submitted: November 17, 2025                      Decided: April 10, 2026

Before KING, HARRIS, and RICHARDSON, Circuit Judges.

Affirmed by unpublished opinion. Judge Harris wrote the opinion, in which Judge King and Judge Richardson joined.

**ON BRIEF:** Christopher J. Norris, Miami, Florida, Emil Hirsch, Lauren K. Ierardi, CARLTON FIELDS, P.A., Washington, D.C., for Appellant. James E. Berger, Charlene C. Sun, New York, New York, Cooper C. Millhouse, DLA PIPER LLP (US), Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PAMELA HARRIS, Circuit Judge:

Facilities Development Corporation, a United States company, subcontracted with Danish construction company Adserballe & Knudsen A/S for work on a United States government construction project in Denmark. A dispute between the parties went to arbitration, and Adserballe & Knudsen A/S, the Danish subcontractor, now seeks to enforce the foreign arbitral award against Facilities Development Corporation.

In support of enforcement, Adserballe & Knudsen A/S invokes the New York Convention, a treaty that provides, with limited exceptions, for the recognition and enforcement of foreign arbitral awards. Facilities Development Corporation responds by invoking two of those exceptions: the public policy exception and the exception for improperly composed arbitral tribunals. The district court found that neither exception applied and granted the petition to enforce. We agree with the district court's ruling and affirm its judgment.

## I.

Facilities Development Corporation ("Facilities"), a Virginia company, contracted with the Department of State to renovate the United States Embassy in Copenhagen, Denmark. It then subcontracted with Adserballe & Knudsen A/S ("A&K") to do construction work on the embassy project. The agreement between Facilities and A&K (the "Agreement") incorporated a set of contract terms widely used in the Danish construction industry, known as AB 92. It also provided that all disputes under the

2

Agreement would be settled by the construction arbitration court in Copenhagen, pursuant to AB 92's provisions for binding arbitration.

During the parties' engagement, a series of disputes arose as to whether the Agreement incorporated not only the Danish contracting regulations but also United States regulations – specifically, the Federal Acquisition Regulations and Department of State Acquisition Regulations, referred to collectively as "FAR/DOSAR." Facilities believed A&K was failing to comply with FAR/DOSAR and, accordingly, withheld payment to A&K; A&K insisted it was not bound by those requirements and demanded payment. Consistent with the Agreement, the parties brought their dispute to the Danish construction arbitration court.

To hear the dispute, the arbitration court appointed a tribunal of three members pursuant to the agreed-upon AB 92 arbitration rules. The tribunal ruled in favor of A&K, finding that the Danish contracting regulations – not FAR/DOSAR –governed the parties' legal relationship. Accordingly, it held Facilities in breach of the Agreement and ordered payment of damages and costs to A&K.

When Facilities refused to pay, A&K filed a petition to confirm and enforce its arbitral award in federal court in Virginia, pursuant to what is known as the New York Convention. *See* Convention on the Recognition of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. § 2517 (adopted at 9 U.S.C. § 201 *et seq.*). The New York Convention allows a party to a foreign arbitration to petition a United States court for an order confirming an arbitral award against the other party. 9 U.S.C. § 207. And it requires federal courts to confirm such an award unless a court "finds one of the grounds for refusal

3

or deferral of recognition or enforcement of the award specified in" the Convention itself. *Id.*

Facing A&K's petition, Facilities invoked two such grounds for refusal. The first – the so-called "public policy" exception – applies where "recognition or enforcement of the award would be contrary to the public policy of" the United States. New York Convention, art. V(2)(b). According to Facilities, the federal FAR/DOSAR regulations reflect a "well-defined and dominant" public policy of the United States, and it would violate that policy to enforce an arbitral award that failed to apply FAR/DOSAR to work on a federal government contract. The second exception permits refusal where the "composition of the arbitral authority . . . was not in accordance with the agreement of the parties." *Id.* art. V(1)(d). Here, Facilities argued that the tribunal was improperly composed because the two "expert" members required by AB 92's arbitration rules lacked proficiency in United States government contracting law under FAR/DOSAR.

The district court disagreed on both counts. *See* Order, *A&K v. Facilities*, No. 1:24-cv-2062 (E.D. Va. May 8, 2025), ECF No. 38 (reprinted at J.A. 1034–41). On public policy, the court rejected Facilities' claim that confirming an award that failed to apply United States contracting rules to the subcontract in question would violate this country's public policy, distinguishing the out-of-circuit authority advanced by Facilities. Facilities' real objection, as the district court saw it, was to the merits of the arbitral tribunal's decision, unreviewable in this posture.

As for the composition of the arbitral tribunal, the district court found it consistent with the parties' arbitration agreement, which provided for two "experts" to be appointed

4

by the arbitration court "on a case-by-case basis, depending upon the nature of the dispute." J.A. 1040 (quoting AB 92 § 47(4)). The arbitration court appropriately exercised its discretion in appointing "experts" in Danish law – rather than the FAR/DOSAR experts sought by Facilities – given its interpretation of the Agreement as calling for application of Danish and not United States contracting law.

Accordingly, the district court granted A&K's petition to enforce the award and entered judgment for A&K. Facilities timely appealed.

## II.

This court reviews the confirmation of a foreign arbitral award de novo and the district court's factual findings for clear error. *AO Techsnabexport v. Globe Nuclear Servs. & Supply GNSS, Ltd.*, 404 F. App'x 793, 797 (4th Cir. 2010) (citing *Raymond James Fin. Servs., Inc. v. Bishop*, 596 F.3d 183, 190 (4th Cir. 2010)). A federal court's review of a foreign arbitration award is limited: When an award "is taken to another country for confirmation and enforcement, the issues in dispute and the relief granted are treated as fully resolved." *Est. of Ke v. Yu*, 105 F.4th 648, 654 (4th Cir. 2024) (explaining New York Convention procedures and policy). And we remain mindful that the New York Convention is intended to "encourage the recognition and enforcement of commercial arbitration agreements." *Id.* at 655 (citation omitted).

5

On appeal, Facilities raises the same two exceptions to enforcement under the New York Convention that it advanced before the district court.[1] And for substantially the reasons given by the district court, we find those arguments unavailing.

Facilities relies primarily on the public policy exception, an especially challenging defense to satisfy. *See id.* at 660. "[C]onstrued extremely narrowly," that exception requires Facilities to shoulder the "heavy burden" of showing that enforcement of this arbitration award would be "repugnant to fundamental notions of what is decent and just in the United States," violating this country's "most basic notions of morality and justice." *Id.* (citations and internal quotation marks omitted). Facilities argues that because the arbitration award here fails to apply United States contracting rules to a federal-government construction project, its enforcement necessarily would violate United States public policy. But it never reckons with or even acknowledges the exceedingly high standard for application of the public policy exception, and it is hard to see how application of Danish contracting rules to work subcontracted out to a Danish company and performed in Denmark would violate this country's "most basic notions of morality and justice." Indeed, that the United States regulations would not apply here seems downright unexceptional: According to the Congressional Research Service, while prime contracts with the federal government are typically subject to FAR, subcontracts are "not subject to [] FAR unless

---

[1] We appreciate that Facilities has identified numerous separate objections to the district court's analysis. But most of its arguments ultimately go to the same basic question: Does either of the two identified exceptions to the New York Convention apply? To the extent that Facilities has raised additional arguments on appeal, we have carefully reviewed them and found them to be either without merit or waived.

6

the contract specifies otherwise." Appellee's Resp. Br. at 24 (citing Cong. Rsch. Serv., R42826, The Federal Acquisition Regulation (FAR): Answers to Frequently Asked Questions 5 (2025)).[2]

Facilities' second defense to enforcement of the Award – the exception for an improperly composed arbitral tribunal – is similarly meritless. Facilities posits, again, that the two experts chosen by the arbitration court did not qualify as the "experts" required by AB 92 and its incorporated arbitration rules because they were experts only in Danish contracting regulations, not FAR/DOSAR. But when applying this New York Convention exception, courts in similar cases ask only whether the arbitral authority "reasonably construed its own rules" in appointing arbitrators. *Grupo Unidos por el Canal, S.A. v. Autoridad del Canal de Panama*, 78 F.4th 1252, 1266 (11th Cir. 2023), *cert. denied*, 144 S. Ct. 1096 (2024). Here, as the district court emphasized, the applicable rules granted the arbitration court discretion to select experts "on a case-by-case basis, depending upon the nature of the dispute." J.A. 230 (AB 92 § 47(4))). And given the arbitration court's understanding of the "nature of the dispute" – that it was governed by Danish contracting

---

[2] For that reason among others, we agree with the district court that the authority cited by Facilities is inapposite here. Two of those cases – *Tolliver Group, Inc. v. United States*, 161 Fed. Cl. 32 (2022), and *K-Con, Inc. v. Secretary of Army*, 908 F.3d 719 (Fed. Cir. 2018) – are contract interpretation cases, involving neither arbitral awards nor the New York Convention. Both apply a doctrine holding that *prime* contracts for government construction projects should be construed to incorporate certain FAR/DOSAR requirements. But neither supports the notion that failure to apply FAR/DOSAR to *subcontracts* on government projects, like the one at issue here, is an error of contract interpretation – much less an error that implicates this country's "most basic notions of morality and justice." *Est. of Ke*, 105 F.4th at 660 (citation omitted).

7

regulations alone – it reasonably concluded that expertise in Danish contracting rules would be sufficient.  Facilities offers no argument to the contrary that goes beyond an impermissible attempt to relitigate the merits of the arbitrated contract dispute.

## III.

For the reasons given above, we affirm the judgment of the district court enforcing the arbitral award in favor of A&K.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*